**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

ALLISON GLUSKY, Individually and
on behalf of all others similarly situated,

        Plaintiff,

v.                                          Case No.:

UNITEDLEX CORPORATION,

        Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant UnitedLex Corporation hereby removes to the United States District Court for the Southern District of Florida the action styled *Allison Glusky, individually and on behalf of all others similarly situated v. UnitedLex Corporation,* Case No. CACE23015796, from the Circuit Court of Seventeenth Judicial Circuit in and for Broward County, Florida. Defendant removes this action pursuant to 28 U.S.C. § 1332 under the Class Action Fairness Act of 2005 ("CAFA") because: (1) this action was filed as a class action on behalf of at least 100 putative class members, (2) the amount in controversy exceeds $5,000,000, and (3) there is diversity of citizenship between the named Plaintiff and Defendant. Defendant states the following in support of removal:

## STATE COURT ACTION

1. On July 18, 2023, Plaintiff Allison Glusky commenced this matter by filing a Class-Action Complaint in the case styled *Allison Glusky, individually and on behalf of*

*all others similarly situated v. UnitedLex Corporation,* Case No. CACE23015796, in the Circuit Court of Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). Plaintiff brings this putative class action under Florida Rule of Civil Procedure 1.220, a similar class action rule to Federal Rule of Civil Procedure 23. 28 U.S.C. § 1332(d)(1)(B). A true and correct copy of the Complaint, as well as all related papers, in the State Court Action is attached hereto as Exhibit A and incorporated herein by reference.

2. Plaintiff's Complaint in the State Court Action purports to assert claims of negligence and breach of fiduciary duty on behalf of Plaintiff and all putative Class members, whom Plaintiff defines as "[a]ll persons whose PII was accessed and/or exfiltrated during the Data Breach Incident." *See* Exhibit A, Complaint, ¶ 43. Plaintiff alleges that the Data Breach (as defined in the Complaint) has impacted "at least 7,000" persons, *see* Exhibit A, Complaint, ¶ 45, with more possibly affected from the breach of Defendant's network, "potentially amounting to millions of individuals . . . ." *See* Exhibit A, Complaint, ¶ 39.

3. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

4. By removing this action, Defendant does not waive any defenses or objections that it may have as it pertains to Plaintiff or to any of the putative class members in their individual or class capacity.

## REMOVAL IS TIMELY

5. A Notice of Removal is required to be filed within 30 days that the defendant receives a copy of an initial pleading through service or otherwise. 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service).

6. The time period for removal begins when the defendant is served. *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999). Defendant was served with process on July 21, 2023. *See* Exhibit A, Affidavit of Service.

7. This Notice of Removal is being filed on or before August 20, 2023, and is therefore timely.

## REMOVAL VENUE IS PROPER

8. Venue *for removal purposes*[1] is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Southern District of Florida geographically embraces the state court in Broward County, Florida, in which Plaintiff filed the State Court Action.

---

[1] Although this Court is the proper venue for removal, Defendant does not concede that this is the proper venue to litigate this action. Defendant intends to seek transfer of this action to the United States District Court for the District of Kansas, under 28 U.S.C. § 1404(a). Additionally, Defendant may seek dismissal of the Complaint under Federal Rule of Civil Procedure Rule 12(b)(1) based on Plaintiff's lack of Article III standing. Defendant recognizes that the question of Article III standing is an evolving and unsettled area of the law (particularly in the context of data breach litigation) in light of several recent cases, including, without limitation, the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). However, because all of the requirements for removal under CAFA are satisfied here for the reasons set forth above, Defendant possesses an objectively reasonable basis for removing this case to federal court notwithstanding that it may argue that Plaintiff lacks the Article III standing required to proceed in federal court.

## BASIS FOR REMOVAL

9. This Court has subject matter jurisdiction over the action under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2).

## MINIMAL DIVERSITY EXISTS

10. Minimal diversity pursuant to CAFA only requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(11)(B)(i).

11. Plaintiff is a citizen and resident of Broward County, Florida. *See* Exhibit A, Complaint, ¶ 13.

12. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Plaintiff alleges that Defendant is a "foreign corporation." *See* Exhibit A, Complaint, ¶ 14; *see Simring v. GreenSky*, LLC, 29 F.4th 1262, 1266 (11th Cir. 2022) (diversity satisfied where defendant's headquarters is outside Florida). Defendant is organized under the laws of the State of Delaware and maintains its principal place of business in the State of Kansas. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center," which, "in practice," should "normally be the place where the corporation

maintains its headquarters."). Defendant therefore is a citizen of the States of Delaware and Kansas.

13. Accordingly, the parties are minimally diverse for purposes of CAFA because Plaintiff is a citizen of Florida and Defendant is a citizen of Delaware and Kansas. *See* 28 U.S.C. § 1332(d)(2)(A).

14. As Defendant is not a citizen of the State of Florida, and because Plaintiff appears to have alleged a nationwide class, the "local controversy" exception and "home-state controversy exception" do not apply. *See, e.g., Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1162 (11th Cir. 2021).

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

15. To qualify for removal pursuant to CAFA, the number of members of all proposed classes in the aggregate must be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

16. Plaintiff purports to bring claims on behalf of himself and "[a]ll persons whose PII was accessed and/or exfiltrated during the Data Breach Incident." *See* Exhibit A, Complaint, ¶ 43.

17. Plaintiff alleges that the class is so numerous that joinder of all putative class members is impracticable. *See* Exhibit A, Complaint, ¶ 45. Moreover, Plaintiff further alleges that the Data Breach has impacted "at least 7,000" persons, *see* Exhibit A, Complaint, ¶ 45, with more possibly affected from the breach of Defendant's network, "potentially amounting to millions of individuals . . . ." *See* Exhibit A, Complaint, ¶ 39.

18. The proposed class thus exceeds the statutorily required minimum of 100 members.

## **AMOUNT IN CONTROVERSY IS SATISFIED**

19. Under CAFA, to determine whether a district court has original jurisdiction "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). CAFA further provides that, in determining whether this $5,000,000 amount is met in class actions, "the claims of the individual class members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(6).

20. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89-90 (2014). Evidence is not required under 28 U.S.C. § 1446(c)(2)(B) unless the Plaintiff challenges, or the Court questions, Defendant's allegations regarding the amount in controversy. *Id.* at 90. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy plausibly exceeds $5 million.

21. Plaintiff's Complaint alleges broad and numerous categories of damages sought on behalf of Plaintiff and the other putative class members including expenses for credit monitoring; out-of-pocket expenses; invasion of privacy; wasted time; diminution in the value of their personal information; and emotional distress damages. *See* Exhibit A,

Complaint, ¶ 11.  According to Plaintiff, "[t]he ramifications [of the Data Breach] . . . are long lasting and severe. Once PII is stolen, particularly Social Security numbers, fraudulent use of that information and damage to victims may continue for years."  *See* Exhibit A, Complaint, ¶ 32.  "Significant costs" have been imposed on Plaintiff and the putative class members as a result of the breach, according to Plaintiff.  *See* Exhibit A, Complaint, ¶ 37. "Plaintiff and Class members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. Plaintiff and putative class members are incurring and will continue to incur such damages in addition to any fraudulent use of their PII."  *See* Exhibit A, Complaint, ¶ 38.

22.   Plaintiff alleges that the Data Breach has impacted "at least 7,000" persons, *see* Exhibit A, Complaint, ¶ 45, with more possibly affected from the breach of Defendant's network, "potentially amounting to millions of individuals…"  *See* Exhibit A, Complaint, ¶ 39.

23.   Plaintiff further claims that "the aggregate damages sustained by the class are in the millions of dollars."  *See* Exhibit A, Complaint, ¶ 51.  The Complaint also seeks widespread injunctive relief, which has its own independent value.  *See* Exhibit A, Complaint, Prayer for Relief § c); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

24.   As a result of the Plaintiff's and the putative class members' alleged damages, and with a class of at least of 7,000 (if not substantially more), a fact finder could plausibly conclude that the individual amount in controversy for each putative class member is in excess of $715 and the aggregate amount in controversy exceeds $5,000,000

7

(without even factoring in the value of injunctive relief). *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision."); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

25. For these reasons, the jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d). *See Dart Cherokee,* 574 U.S. at 89 ("CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").[2]

## **FILING OF REMOVAL PAPERS**

26. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

27. Defendant reserves the right to amend or supplement this Notice of Removal.

## **CONCLUSION**

WHEREFORE, Defendant UnitedLex Corporation hereby removes the above-captioned action from the Circuit Court of Seventeenth Judicial Circuit in and for Broward

---

[2] The amounts set forth in this Notice of Removal are solely for the purpose of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies that Plaintiff is entitled to recover any amounts, and denies that a class can properly be certified in this matter.

8

County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Date:  August 10, 2023.

Respectfully submitted,

/s/ *Jason A. Pill*
Jason A. Pill (FBN 70284)
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida  33602-5311
813-472-7550 (telephone)
813-472-7570 (facsimile)
jason.pill@phelps.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system and served a true and correct copy via regular U.S. Mail to the following:

Manuel S. Hiraldo
HIRADLO P.A.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

Rachel Dapeer
DAPEER LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, Florida  33180
rachel@dapeer.com

*Attorneys for Plaintiff*

/s/ *Jason A. Pill*
*Attorney for Defendant*